# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| In re:<br><br>RYAN ANTHONY PRESTON TODD and JESSICA TODD,<br><br>          Debtors. | Case No. 24-11369<br>(Chapter 13)<br>Judge Beth A. Buchanan |
| STEVE ROBERTSON TRUCKING, LLC,<br>3191 Milville Shandon Road<br>Hamilton, OH 45013<br><br>          Plaintiff,<br><br>v.<br><br>RYAN ANTHONY PRESTON TODD,<br>8120 S.R. 28<br>Leesburg, OH 45135<br><br>          Defendant. | Adversary No. _____ |

## COMPLAINT FOR DETERMINATION
## AS TO DISCHARGEABILITY OF DEBT

Steve Robertson Trucking, LLC ("Plaintiff"), by and through its undersigned counsel, files this complaint for determination as to dischargeability of debt and objects to the dischargeability of the debts owed to it by Ryan Anthony Preston Todd ("Mr. Todd," "Debtor" or "Defendant") under 11 U.S.C. §§ 523(a)(6) and 523(a)(7). In support thereof, Plaintiff states as follows:

**JURISDICTION**

1. This Court has jurisdiction in this adversary proceeding under 28 U.S.C. § 1334, 11 U.S.C. § 523, Bankruptcy Rule 4007, and Bankruptcy Rule 7001. This is a core proceeding under 28 U.S.C. § 157(b)(2).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 & 1409.

**PARTIES AND PERSONS**

3. Plaintiff is an Ohio limited liability company with its principal place of business in Hamilton, Ohio. Plaintiff is a creditor of Defendant and timely filed its proof of claims in the main bankruptcy case as claim numbers 24 and 25.

4. Defendant is one of the Debtors in the main bankruptcy case, and is a resident of the State of Ohio.

**FACTS COMMON TO ALL COUNTS**

5. On February 3, 2021, Plaintiff filed a lawsuit against Defendant in the Butler County Court of Common Pleas styled *Steve Robertson Trucking, LLC v. Ryan Todd*, Case No. CV 2021 02 0161 (the "Prior Lawsuit"). The Prior Lawsuit related to Defendant's conversion of and damage to certain trailers and willful and malicious actions.

6. The Court conducted a trial in the Prior Lawsuit and awarded judgment in favor of Plaintiff and against Defendant for a total principal amount of $140,614.45, finding breach of contract damages of $73,147.95, conversion damages of $9,950, punitive damages of $19,900, and reasonable attorney's fees of $37,616.50, plus interest the statutory rate from November 21, 2022 until paid in full, and all costs incurred (the "Judgment"). *See* **Exhibit 1**.

7. Plaintiff has not collected any amount on the Judgment and it remains due and owing.

8. In the Prior Lawsuit, Defendant was awarded a charging order against, *inter alia*, Defendant and Defendant was ordered to produce certain financial documents (the "Charging Order"). See **Exhibit 2**.

9. Defendant failed to comply with the Charging Order, and the trial court issued an order holding Defendant in contempt of court and ordering, *inter alia*, that Defendant pay attorney fees of $4,182 incurred by Plaintiff and be subject to a fine of $100 per day from May 9, 2023 until such time as Defendant fully complied with the Charging Order (the "Contempt Order"). See **Exhibit 3**.

10. Defendant has never complied with the Charging Order or paid any amounts under the Contempt Order.

### **COUNT I**
**(Objection to Dischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(6)**

11. Plaintiff incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

12. Section 523(a)(6) of the Bankruptcy Code provides in pertinent part as follows:

> A discharge under section 727, 1141, 1192, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt . . .
>
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

11 U.S.C. § 523(a)(6).

13. In the Judgment, Plaintiff was awarded damages of $9,950, punitive damages of $19,900, and reasonable attorney's fees of $37,616.50 as a result of Defendant's conversion (collectively the "Conversion Damages").

14. Through the Contempt Order, Defendant was fined $100 per day from May 9, 2023 through the date of compliance with the Court's order, which has not occurred, and $4,182 in Plaintiff's attorney fees, which as of the filing of the bankruptcy petition was $44,782.00 (the "Contempt Damages"). *See* Claim 25.

15. Defendant deliberately engaged in conversion and contempt of court with the purpose of causing Plaintiff the Conversion Damages and Contempt Damages and prohibiting Plaintiff from collecting upon the Judgment.

16. The Defendant's actions were willful, intentional, and were intended to cause injury to Plaintiff.

17. The Defendant's actions were without just cause or excuse.

18. Plaintiff sustained damages as a direct, proximate, and foreseeable result of the Defendant's willful and malicious actions, including incurring the Conversion Damages and the Contempt Damages.

WHEREFORE, Plaintiff respectfully requests the following relief:

A. A determination that the Conversion Damages and Contempt Damages are not dischargeable pursuant to 11 U.S.C. § 523(a)(6); and

B. Such other and further relief as is just and equitable.

## COUNT II
**(Objection to Dischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(7))**

19. Plaintiff incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

4

20. Section 523(a)(7) of the Bankruptcy Code provides in pertinent part as follows:

> A discharge under section 727, 1141, 1192, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt . . .
>
> (7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty—
>
>> (A) relating to a tax of a kind not specified in paragraph (1) of this subjection; or
>>
>> (B) imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition.

11 U.S.C. § 523(a)(7).

21. The Contempt Damage is penal and was awarded to vindicate the dignity and authority of the state court, which Defendant has refused to comply with and ignored the lawful orders of.

22. The amount of the Contempt Damage was not calculated with reference to the amount of harm that Defendant caused to Plaintiff.

WHEREFORE, Plaintiff respectfully requests the following relief:

C. A determination that the Contempt Damage is not dischargeable pursuant to 11 U.S.C. § 523(a)(7); and

D. Such other and further relief as is just and equitable.

WHEREFORE, Plaintiff respectfully requests the following relief:

A. A determination that the Conversion Damages and the Contempt Damages are not dischargeable pursuant to 11 U.S.C. § 523(a)(6) and/or 11 U.S.C. § 523(a)(7);

5

    B. An award of costs and reasonable attorney's fees, and

    C. Such other and further relief as is just and equitable.

DATED September 10, 2024                          Respectfully Submitted,

                                                               /s/ Matthew R. Chasar\
                                                               Matthew R. Chasar (Bar No. 0071591)\
                                                               Joseph M. Sprafka (Bar No. 0085175)\
                                                               REARDON & CHASAR LPA\
                                                               455 Delta Avenue Suite 108\
                                                                Cincinnati, OH 45226\
                                                                Phone: (513) 827-6136\
                                                                Fax: (513) 297-7900\
                                                                mrchasar@reardonchasar.com\
                                                                jmsprafka@reardonchasar.com

                                                                *Attorneys for*\
                                                                *Steve Robertson Trucking, LLC*